**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR NONDISCLOSURE ORDER PURSUANT TO 18 U.S.C. § 2705(b) FOR GRAND JURY SUBPOENA #GJ2014031022709 | Misc. Case No. 14-287 (BAH)<br><br>Chief Judge Beryl A. Howell |
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR NONDISCLOSURE ORDER PURSUANT TO 18 U.S.C. § 2705(b) FOR GRAND JURY SUBPOENA #GJ2014031422765 | Misc. Case No. 14-296 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

The captioned cases involve two grand jury subpoenas issued to two electronic communication service providers, Yahoo! in 14-mc-287, and Twitter in 14-mc-296, for information related to two respective subscriber accounts, as expressly authorized under 18 U.S.C. § 2703(c)(2). Also as expressly authorized by statute, under 18 U.S.C. § 2705(b), the government filed applications in both cases requesting that Yahoo! and Twitter be barred from notifying any person of the existence or content of the subject grand jury subpoenas for a limited time period of 90 days or any shorter period ordered by the Court. From this ordinary beginning these two cases engendered the pending litigation when a then-magistrate judge, who retired shortly thereafter, issued identical orders that "invite[d]" the intervention of the named service providers "to be heard on the merits of the government's Application[s]." Order (Mar. 21, 2014) ("MJ Order No. 1"), 14-mc-287 (JMF), ECF No. 2; Order (Mar. 21, 2014) ("MJ Order No. 1"), 14-mc-296 (JMF), ECF No. 2. Presently pending before the Court are two motions filed in each case by putative-intervenors, the American Civil Liberties Union and American Civil Liberties

Union of the District of Columbia (collectively, "ACLU").[1]  For the reasons set out below, the motions will be largely denied as moot but granted in one aspect, with the consent of the government.

## I.    BACKGROUND

In connection with MJ Order No. 1 in each case, inviting Yahoo! and Twitter, respectively, to intervene as the recipient of the grand jury subpoena at issue, the then-magistrate judge provided to the named service provider an unredacted copy of the government's original application, which contained two paragraphs detailing information protected under Federal Rule of Criminal Procedure 6(e) as matters occurring before the grand jury.  *See* Order (Mar. 24, 2014) ("MJ Order No. 2"), 14-mc-287, ECF No. 4; Order (Mar. 24, 2014) ("MJ Order No. 2"), 14-mc-296, ECF No. 4.  After being alerted to the government's concern with this disclosure, the then-magistrate judge issued orders, MJ Order No. 2 in each case, repeating assurances from counsel for the named service providers that the unredacted applications had been "destroyed or deleted," and directing the government to "file [] public, redacted cop[ies] of the Application[s]."  *Id.*

The named service providers never expressed their invited views since, upon objection by the government to the magistrate judge's two orders in each case, MJ Order Nos. 1 and 2, the then-Chief Judge immediately ordered the providers not to make any filing.  Order (Mar. 27, 2014), 14-mc-287, ECF No. 7; Order (Mar. 27, 2014), 14-mc-296, ECF No. 7.  Meanwhile, the ACLU moved in both Miscellaneous cases to Intervene, to Unseal, and for Leave to File

---

[1]     When the motions were filed, the American Civil Liberties Union of the District of Columbia was known as the "American Civil Liberties Union of the Nation's Capital."  Movant's Resp. Gov't's Resp. at 1 n.1, 14-mc-287, ECF No. 23.

Memorandum as Amicus Curiae ("Pet'rs' Mot. Intervene"), 14-mc-287, ECF No. 8; *id.*, 14-mc-296, ECF No. 8.

While the ACLU's motions to intervene and for other relief were pending, the then-Chief Judge issued, on April 28, 2014, sealed Orders granting the government's original applications, under 18 U.S.C. § 2705(b), in both cases. Sealed Order (Apr. 28, 2014), 14-mc-287, ECF No. 12; Sealed Order (Apr. 28, 2014), 14-mc-296, ECF No. 11. In a sealed Memorandum Opinion, which was subsequently partially unsealed, accompanying the sealed Orders, the then-Chief Judge made clear that both MJ Orders Nos. 1 and 2 in each case were vacated. Sealed Mem. Op. (Apr. 28, 2014), 14-mc-287, ECF No. 10; Redacted Mem. Op. (May 16, 2014) at 1, 14-mc-287, ECF No. 18; Sealed Mem. Op. (Apr. 28, 2014), 14-mc-296, ECF No. 10; Redacted Mem. Op. (May 16, 2014) at 1, 14-mc-296, ECF No. 17. After clarifying the district court's authority, under the Federal Magistrate Act, 28 U.S.C. § 636(b)(3), to review *de novo* grand jury-related matters referred to a magistrate judge, Redacted Mem. Op., 14-mc-287 & 14-mc-296, at 4–6, the Court concluded that while "section 2705(b) does not explicitly prohibit a court from inviting a service provider to intervene and offer arguments on the merits of the government's non-disclosure application," based on the statutory text, the record, and common experience, "the government is better equipped to provide information about potential compromises to the ongoing criminal investigation than is the service provider," *id.* at 8–9. Moreover, the Court held that "there is no First Amendment right of public access to" materials protected from public disclosure under Federal Rule of Criminal Procedure 6(e), *id.* at 13, nor a common law right of public access "to materials related to ongoing, federal grand jury investigations," *id.* at 14, leaving the then-magistrate judge's orders to file a redacted copy of the original applications without legal basis and warranting vacatur of MJ Orders Nos. 1 and 2 in both cases, *id.* at 13, 15.

More recently, the government has responded to orders from this Court confirming that the time periods during which the service providers were barred, pursuant to orders issued under 18 U.S.C. § 2705(b), from disclosing the grand jury subpoenas have lapsed.  Gov't Resp. at 1, 3, 14-mc-287, ECF No. 22; Gov't Resp. at 1, 3, 14-mc-296, ECF No. 19.[2]  The ACLU also responded, "urg[ing] the Court to unseal a version of the government's Application for an Order of Nondisclosure and Proposed Order, subject only to narrow redaction of information protected by Federal Rule of Criminal Procedure 6(e)."  Movant's Resp. Gov't Resp. at 1, 14-mc-287, ECF No. 23.

## II.   DISCUSSION

Set against this procedural backdrop, the Court now turns to the ACLU's two pending motions in each of the subject Miscellaneous cases.  First, the ACLU moves to intervene in these cases for two reasons: (1) to "challeng[e] this Court's blanket sealing of the proceedings," Pet'rs' Mot. Intervene at 1, and (2)  to address as *amicus curiae* "the propriety" of the then-magistrate judge's invitations to the service providers to express their positions on the government's applications, *id*.  With respect to the first reason for intervention, the ACLU argues that sealed documents in this case should be unsealed "under both the First Amendment and the common law."  Pet'r's Mot. Intervene at 8.  Yet, both of these grounds for disclosure were already rejected on the merits in the Court's April 28, 2014 Memorandum Opinion.  Likewise, the second reason for intervention to support the invitation to elicit the position of the service providers regarding the government's applications has also been rejected on the merits in the Court's April 28, 2014 Memorandum Opinion.  Thus, the reasons underlying the ACLU's motion to intervene and for leave to file a memorandum as *amicus curiae* have been

---

[2]   These two Miscellaneous cases were reassigned to the undersigned on June 8, 2016.

substantively resolved in these cases, eliminating any need for the ACLU's intervention. *See* Gov't's Resp. at 1, 14-mc-287 & 14-mc-296; *see also generally* Movant's Resp. Gov't Resp. at 1 (not addressing government's argument that ACLU's motion to intervene is moot).

Moreover, to the extent that the ACLU sought to intervene to unseal the Court's April 28, 2014 Memorandum Opinion, that unsealing has largely been already accomplished by the filing on the public docket of that Memorandum Opinion with a single sentence redacted. Consequently, none of the reasons cited for intervention remain viable, and therefore this motion is denied as moot. Nevertheless, the government now agrees with the ACLU that the applications for an order of nondisclosure may be unsealed as long as "the Application[s] [are] redacted to excise information covered by Federal Rule of Criminal Procedure 6(e)." Gov't Resp. at 1–2, 14-mc-287; Gov't Resp. at 1–2, 14-mc-296. Consequently, the government is directed to file on the public docket an appropriately redacted version of the applications in each case.[3]

Second, the ACLU moves for leave to file under seal its Motion to Unseal Memorandum Opinion and Accompanying Orders, which motion was provisionally filed under seal to avoid "undermining the Court's decision to place its earlier orders and opinion in these cases under seal," (Sealed) Pet'rs' Mot. for Leave to File Doc. Under Seal at 1, 14-mc-287, ECF No. 15; (Sealed) Pet'rs' Mot. for Leave to File Doc. Under Seal at 1, 14-mc-296, ECF No. 13, as well as redacted public versions of this motion, *see* (Redacted) Pet'rs' Mot. for Leave to File Doc. Under Seal at 1, 14-mc-287, ECF No. 14; Redacted Pet'rs' Mot. for Leave to File Doc. Under Seal at 1,

---

[3] The government also "does not object to the unsealing of the Order issued by [the] former Magistrate Judge . . . inviting [the service providers] to intervene as . . . respondents" or the unsealing of "[the] former Magistrate Judge['s] . . . Order requiring the government to file a public, redacted copy of its section 2705(b) nondisclosure Application[s]." Gov't Resp. at 1, 14-mc-287; Gov't Resp. at 1, 14-mc-296. Those Orders, however, are not currently sealed.

14-mc-296, ECF No. 14.  The ACLU's motion to file this motion under seal is granted but the related motion to unseal the Court's April 28, 2014 Memorandum Opinion is denied as moot since, as noted, that Memorandum Opinion has already been unsealed in substantial part and filed on the public docket.  Part of the ACLU's motion seeks the unsealing of the Orders accompanying that that Memorandum Opinion.  Since "the government has no objection to the unsealing of the Order[s]," Gov't's Resp. at 2, that part of the ACLU's motion is granted.

### III.    CONCLUSION

For the foregoing reasons, the ACLU's motion to intervene and to unseal the Memorandum Opinion and Accompanying Orders are denied as moot, except to the extent that the ACLU is seeking the unsealing of the government's applications for a nondisclosure order and the Orders accompanying the April 28, 2014 Memorandum Opinion.  Accordingly, it is hereby

**ORDERED** that the government shall post on the public docket the applications for a nondisclosure order (ECF No. 1 in 14-mc-287 and 14-mc-296), with any material protected by Federal Rule of Criminal Procedure 6(e) redacted; and it is further

**ORDERED** that the government shall post on the public docket the Orders accompanying the April 28, 2014 Memorandum Opinion (ECF Nos. 12 and 13 in 14-mc-287, and ECF Nos. 11 and 12 in 14-mc-296), with any material protected by Federal Rule of Criminal Procedure 6(e) redacted; and it is further

**ORDERED** that the Clerk of Court shall close these Miscellaneous cases.

Date:  February 6, 2017

_____
BERYL A. HOWELL
Chief Judge